# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MURLIN PHILLIPS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case number 4:04cv1483 TCM |
| DAVID DORMIRE, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 petition is before the Court[1] on the motion of petitioner, Murlin R. Phillips, to stay the proceedings "pending exhaustion of state remedies on other claims." (Mot. at 1.)

Petitioner raises one ground for relief in his petition: he was "deprived of his right to due process, and to 'neutrality,' whereas, petitioner has a right to be judged by a tribunal free of outside persuasion and influences." (Pet. at 4.) Petitioner alleges this right was violated because the victim was related to judges and celebrities and their influence in the county where he was convicted affected the sentencing judge. (Suggestions at 2.) In answer to Respondent's contention that this ground is procedurally barred by Petitioner's failure to raise it on appeal, Petitioner further alleges that his trial counsel was also improperly influenced by the victim's family. (Traverse at 1.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

In his motion to stay, however, Petitioner alleges he has an appeal pending in the Missouri Court of Appeals and one in the Missouri Supreme Court and that these appeals "raises [sic] substantial constitutional issues from ineffective counsel, involuntary plea of guilty, sentencing violations, major defects in the plea and sentence, lack of jurisdiction, and actual innocence, among other valid issues." (Mot. at 2.) He then incorporates in his motion his brief before the Missouri Supreme Court raising four grounds for relief, none of which is the ground raised in his § 2254 petition. (Id. at 14-20.)

As authority for his request for a stay, Petitioner cites **Rhines v. Weber**, 125 S.Ct. 1528 (2005). The petitioner in **Rhines** filed a § 2254 petition with thirty-five claims, twelve of which the State argued had not been exhausted. 125 S.Ct. at 1532. By the time the court agreed as to eight of the claims, the petitioner would not have been able to refile his petition in federal court if the pending, mixed petition was dismissed. **Id.** He requested that the court stay his petition while he presented his unexhausted claims to the state courts. **Id.** Noting that the one-year statute of limitations enacted as part of The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), "dramatically altered the landscape for federal habeas corpus petitions" and that its prior decision in Rose v. Lundy, 455 U.S. 509 (1982), required that mixed petitions not be adjudicated, the Supreme Court held that a district court should stay a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." **Id.** at 1535.

In his § 2254 petition, Petitioner raises one ground for relief. This one ground is not those being now presented to the state courts. Thus, the pending petition is not a mixed petition, and a stay would have no effect other than to delay the disposition of this petition.

There being no unexhausted claims in the pending § 2254 petition,

**IT IS HEREBY ORDERED** that Petitioner's motion to stay habeas corpus petition pending exhaustion is **DENIED**. [Doc. 12]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2005.