UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MURLIN PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:04cv1483 TCM |
| ) | |
| DAVID DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 petition is before the Court on its own motion, on the motion of petitioner, Murlin R. Phillips, for leave to amend his petition and file twenty-one exhibits, and on his motion for leave to file a supplemental pleading.

Petitioner seeks habeas relief in his seminal petition on the grounds that he was denied due process because of a "[l]ack of [j]udicial [n]eutrality" and "overall scandalous governmental conduct." (Pet'n at 1.) Specifically, Petitioner alleges that his sentence on a second degree murder charge involving the death of Wayne Limbaugh was improperly influenced by a member of the decedent's prominent family.

Respondent contends that this ground is procedurally barred by Petitioner's failure to raise it in his direct criminal appeal or in his post-conviction appeal.

Petitioner pled guilty on April 1, 2002, to an amended charge of murder in the second degree and armed criminal action. (Resp. Ex. C at 3.) He was represented at the change of plea hearing and at the May 3, 2002, sentencing hearing by Jasper Edmundson. (Id.) On

May 14, Mr. Edmundson filed a motion to withdraw the guilty plea and for a new trial on behalf of Petitioner. (Id. at 3, 134-35.) While that motion was pending, Mr. Edmundson moved to withdraw as Petitioner's counsel, explaining that he had been discharged by his client. (Id. at 131-32.) This second motion was granted on August 16, 2002. (Id. at 98.) On October 8, the motion to withdraw the guilty plea was denied. (Resp. Ex. B at 5.) Petitioner filed a pro se appeal. (Resp. Ex. D.) On September 3, the Missouri Court of Appeals affirmed the denial. (Resp. Ex. G.) A subsequently-filed motion to transfer to the Missouri Supreme Court and a petition to the Supreme Court for a writ of certiorari were denied. (Resp. Exs. H-K.)

Petitioner then filed this action, raising, as noted above, one ground for relief. In his motion to amend, he requests leave to amend his petition to include all the claims shown in the attached twenty-one exhibits.

Rule 2(c) of the Rules Governing Section 2254 Cases requires that a petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground[.]" Rules Governing Section 2254 Cases, Rule 2(c)(1) and (2) (alteration added). A "general reference to the transcripts, case records and briefs on appeal patently fails to comply with Rule 2(c)." **Adams v. Armontrout**, 897 F.2d 332, 333 (8th Cir. 1990). Neither "§ 2254 [n]or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief. Requiring such an exhaustive factual review of entire state court records would pose

May 14, Mr. Edmundson filed a motion to withdraw the guilty plea and for a new trial on behalf of Petitioner. (Id. at 3, 134-35.) While that motion was pending, Mr. Edmundson moved to withdraw as Petitioner's counsel, explaining that he had been discharged by his client. (Id. at 131-32.) This second motion was granted on August 16, 2002. (Id. at 98.) On October 8, the motion to withdraw the guilty plea was denied. (Resp. Ex. B at 5.) Petitioner filed a pro se appeal. (Resp. Ex. D.) On September 3, the Missouri Court of Appeals affirmed the denial. (Resp. Ex. G.) A subsequently-filed motion to transfer to the Missouri Supreme Court and a petition to the Supreme Court for a writ of certiorari were denied. (Resp. Exs. H-K.)

Petitioner then filed this action, raising, as noted above, one ground for relief. In his motion to amend, he requests leave to amend his petition to include all the claims shown in the attached twenty-one exhibits.

Rule 2(c) of the Rules Governing Section 2254 Cases requires that a petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground[.]" Rules Governing Section 2254 Cases, Rule 2(c)(1) and (2) (alteration added). A "general reference to the transcripts, case records and briefs on appeal patently fails to comply with Rule 2(c)." **Adams v. Armontrout**, 897 F.2d 332, 333 (8th Cir. 1990). Neither "§ 2254 [n]or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief. Requiring such an exhaustive factual review of entire state court records would pose

an insuperable burden on already strained judicial resources." **Id.** (alteration added). Thus, "in order to substantially comply with the Section 2254 Rule2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." **Id.** at 334.

Clearly, Petitioner's amended petition, simply incorporating by reference all grounds raised in his attached exhibits, fails to comply with Rule 2(c). His motion for leave to amend will be denied.

In his motion for leave to file a supplemental pleading, Petitioner requests that the Court take note of a decision out of the United States District Court for the Southern District of New York, Taveras v. Smith, 388 F.Supp.2d 256 (S.D. N.Y. 2005), finding that a state prisoner was entitled to counsel in his direct criminal appeal from a conviction entered against him in absentia. This motion will be granted.

As noted above, Petitioner represented himself in his appeal from the denial of his motion to withdraw his guilty plea. While this action has been pending, Petitioner's motion to recall the mandate in his state court appeal has been granted and he has been appointed counsel. State v. Phillips, SD25243 (Mo. Ct. App.). The appellant's brief is due on May 23, 2006.

Before his motion to recall the mandate was granted, Petitioner requested that this Court stay this action. The request was then denied on the grounds that there were no unexhausted state court remedies. Now there is one, and Petitioner, with the assistance of counsel, is pursuing it.

In **Rhines v. Weber**, 125 S.Ct. 1528 (2005), the petitioner filed a § 2254 petition with thirty-five claims, twelve of which the State argued had not been exhausted. 125 S.Ct. at 1532. By the time the court agreed as to eight of the claims, the petitioner would not have been able to refile his petition in federal court if the pending, mixed petition was dismissed. **Id.** He requested that the court stay his petition while he presented his unexhausted claims to the state courts. **Id.** Noting that the one-year statute of limitations enacted as part of The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), "dramatically altered the landscape for federal habeas corpus petitions" and that its prior decision in Rose v. Lundy, 455 U.S. 509 (1982), required that mixed petitions not be adjudicated, the Supreme Court held that a district court should stay a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." **Id.** at 1535.

There being an unexhausted claim in the pending § 2254 petition and a state court avenue for exhausting it and there being no indication that Petitioner intentionally engaged in any dilatory tactic, the Court finds that a stay of this action is appropriate while Petitioner's direct criminal appeal is pending. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to amend the petition is **DENIED** [Doc. 15] and his motion for leave to file supplemental pleading is **GRANTED** [Doc. 16].

**IT IS FURTHER ORDERED** that this 28 U.S.C. § 2254 petition is STAYED while Petitioner's direct criminal appeal is pending.

**IT IS FINALLY ORDERED** that Petitioner is to file a motion to lift the stay within thirty days of the exhaustion of his state court remedies. If Petitioner fails to do so, the stay may be later vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of March, 2006.